**IT IS ORDERED as set forth below:**



Date: December 1, 2025

_____

**Jonathan W. Jordan
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 24-60728-JWJ |
| | ) | |
| WILLIAM PETER ALLEN, | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE JORDAN |
| Debtors. | ) | |
| | ) | |
| NEIL C. GORDON, Chapter 7 Trustee for the | ) | |
| Bankruptcy Estate of William Peter Allen, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| MCLP ASSET COMPANY, INC., | ) | |
| JEREMY M. HUDAK, FULTON COUNTY | ) | |
| TAX COMMISSIONER, GEORGIA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| ALLIANCE FUNDING GROUP, | ) | |
| DISCOVER BANK, and | ) | |
| WILLIAM PETER ALLEN, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

03115786-1

# ORDER GRANTING
# TRUSTEE'S MOTION FOR AN ORDER
# AUTHORIZING (I) THE SALE OF PROPERTY
# OF THE BANKRUPTCY ESTATE FREE AND CLEAR
# OF ALL LIENS, INTERESTS, AND ENCUMBRANCES AND
# (II) DISBURSEMENT OF CERTAIN PROCEEDS AT CLOSING

On October 23, 2025, Neil C. Gordon, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of William Peter Allen ("**Debtor**") filed *Trustee's Motion for an Order Authorizing (I) the Sale of Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (II) Disbursement of Certain Proceeds at Closing* [Doc. No. 66] and related papers with the Court (the "**Sale Motion**").

Pursuant to the Sale Motion, Trustee was seeking, among other things, an order from the Court authorizing the sale (the "**Sale**") of that certain real property known generally as 440 Glencourtney Drive, Sandy Springs, Fulton County, Georgia 30328 (the "**Property**"), pursuant to 11 U.S.C. §§ 363(b), (f), (h), and (m), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c), and 9014, to Elizabeth Maloff (the "**Purchaser**"), "as is, where is," for a sale price of $610,000.00, subject to bankruptcy court approval (the "**Contract**"). The Contract is attached and marked as Exhibit "A" to the Sale Motion.

Also on October 23, 2025, Trustee filed *Notice of Trustee's Motion for an Order Authorizing (I) the Sale of Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (II) Disbursement of Certain Proceeds at Closing; Deadline to Object; and for Hearing* [Doc. No. 67] (the "**Notice**") regarding the Sale Motion, in accordance with the Fifth Amended and Restated General Order No. 24-2018.

03115786-1

Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on October 23, 2025 [Doc. No. 68].

The Notice provided notice and of the opportunity to object whereupon a hearing would be held on December 2, 2025, at 10:30 a.m., pursuant to the procedures in the Fifth Amended and Restated General Order No. 24-2018. No creditor or party in interest filed an objection to the Sale Motion prior to the objection deadline provided in the Notice.

The Court having considered the Sale Motion and all other matters of record, including the lack of objection by any creditor or party in interest to the relief requested in the Sale Motion, and based on the foregoing, finding that no further notice or hearing is necessary, and, the Court having found good cause exists to grant the relief requested in the Sale Motion, it is hereby

**ORDERED** that Trustee's Sale Motion is GRANTED. It is further

**ORDERED** that the Contract is APPROVED, and its terms are incorporated into this Order. It is further

**ORDERED** that Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property to Purchaser, pursuant to 11 U.S.C. §§ 363(b), (f), and (h) and perform under the terms of the Contract; (b) execute, perform, consummate, implement, and close fully the Sale together with all additional instruments and documents that may be reasonably necessary; and (c) execute and perform all of the obligations of Trustee under the Contract. It is further

03115786-1

**ORDERED** that this Order shall be binding upon Debtor, all creditors (whether known or unknown) of Debtor, Purchaser, Trustee, the Bankruptcy Estate, and their respective successors, assigns, affiliates, and subsidiaries.  It is further

**ORDERED** that upon consummation of the closing of the Sale, the Property shall be transferred and assigned to Purchaser free and clear of all liens, interests, and encumbrances with same attaching to the Sale proceeds to the same extent, validity, and priority that they held in the Property.  It is further

**ORDERED** that the Sale of the Property to Purchaser is "as is," "where is," and without representation or warranty, express or implied, from Trustee.  It is further

**ORDERED** that the transactions contemplated by the Contract and this Order are undertaken by Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Property, and the Purchaser is entitled to all the protections afforded by 11 U.S.C. § 363(m).  It is further

**ORDERED** that the Trustee may close the sale of the Property no earlier than December 5, 2025, at which time the gross sales proceeds shall be paid to the Trustee pursuant to this Order, and those disbursements requested by the Trustee in his Sale Motion are authorized to be made (as defined in the Sale Motion) including payment to Jeremy M. Hudak on his judgment lien, as required by the Settlement Order [Doc. No. 63].

03115786-1

**[END OF DOCUMENT]**

Prepared and presented by:

TAYLOR DUMA LLP
*Attorneys for Trustee*

By: /s/ Neil C. Gordon
    Neil C. Gordon
    State Bar No. 302387
1600 Parkwood Circle, SE. Suite 200
Atlanta, Georgia 30339
Phone: (404) 640-5917
Email: ngordon@taylorduma.com

**Identification of parties to be served:**

Jonathan S. Adams, Office of the United States Trustee, 362 Richard B. Russell Bldg., 75 Ted Turner Drive, SW, Atlanta, Georgia 30303

Neil C. Gordon, Chapter 7 Trustee, Taylor English Duma LLP, 1600 Parkwood Circle, SE, Suite 200, 30339

MCLP Asset Company, Inc., c/o Alexa Stinson, Esq., Padgett Law Group, 6267 Old Water Oak Road, Suite 203, Tallahassee, FL 32312

Alliance Funding Group, c/o Eric J. Breithaupt, Jones & Walden LLC, 699 Piedmont Avenue NE, Atlanta, GA 30308

Alliance Funding Group, c/o Mark M. Scott, Reg. Agnt., 18400 Von Karman, Suite 800, Irvine, GA 92612

Alliance Funding Group, 17542 17th Street, Suite 200, Tustin, CA 92780

Jeremy M. Hudak, c/o Tyler W. Henderson, Esq., Briarwood Legal, LLC, 1190 N. Highland Avenue, NE, #8657, Atlanta, GA 30306

Market District Crabapple, LLC, 3000 Heritage Walk, Suite 304, Milton, GA 30223

Market District Crabapple, LLC, c/o Howard Slomka, Reg. Agnt., 3350 Riverwood Parkway, Suite 2100, Atlanta, GA 30339

03115786-1

Discover Bank, c/o Lloyd & McDaniel, PLC, P. O. Box 10015, Marietta, GA 30061

State Revenue Commissioner, Georgia Department of Revenue, 2595 Century Parkway NE, Suite 538, Atlanta, GA 30345-3173

Georgia Department of Revenue, Bankruptcy Section, P. O. Box 161108, Atlanta, GA 30321

Georgia Department of Revenue, Taxpayer Services, P. O. Box 1054990, Atlanta, GA 30348

Georgia Department of Revenue, Sales and Use Tax, P. O. Box 105296, Atlanta, GA 30348

Office of the Attorney General, 40 Capitol Square, SW, Atlanta, GA 30334

Dr. Arthur E. Ferdinand, Fulton County Tax Commissioner, 141 Pryor Street, SW, Atlanta, GA 30303

Katherine J. Hill, Hicks Hill, LLC, Suite 210, 305 Lawrence Street, Marietta, GA 30060

William Peter Allen, 440 Glencourtney Drive, Atlanta, GA 30328

Michael Campbell, ATTENTION: Denise Hammock, Campbell & Brannon, LLC, 5565 Glenridge Connector, Suite 350, Atlanta, Georgia 30342

03074651-1